IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER COMISAC, | : | CIVIL NO. 1:CV-09-1613 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| K. M. WHITE, et al., | : | |
| Defendants | : | |

## MEMORANDUM

On August 21, 2009, Christopher Comisac ("Comisac"), an inmate at the United States Penitentiary at Canaan, Waymart, Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331. Named as defendants are K. M. White, Regional Director for the Bureau of Prisons Mid-Atlantic Regional Office, and two (2) employees of the Federal Correctional Institution at Butner-Meduim 1 located in North Carolina. The employees named are Warden Tracy Johns and Case Manager Nicole Weaver. Comisac proceeds in forma pauperis in this matter.[1] (Doc. No. 2.) For the reasons that follow, the case will be transferred to the United States District Court for the Eastern District of North Carolina.

**I.  Background**

In the complaint, Plaintiff states that he was sent to the Federal Correctional Institution at Butner-Medium 1, in North Carolina for his protection because the "Aryan Brotherhood ordered [his] death in all USPs in the federal system cause [he] informed on them." (Doc. No. 1 at 4.) He contends that he was thereafter "kicked out" of a "Habitation program" when he refused to

---

[1] Comisac completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on September 8, 2009 (Doc. No. 8), directing the warden at FCI-Canaan to commence deducting the full filing fee from the prison trust fund account of Comisac.

speak to SIA about lawsuit filed against staff. He claims that Defendants thereafter sent him to USP-Canaan, his current place of incarceration, where he was assaulted by an Aryan Brotherhood hitman. In the pending lawsuit, his claims are against Defendants for their actions in transferring him to USP-Canaan knowing of the threat against him. He alleges they failed to protect him when the sent him to a place where he was sure to be hurt or killed "even though he told them 20 times." (Id.) As relief, he seeks a transfer to a state prison within the Pennsylvania Department of Corrections, as well as monetary relief from each of the Defendants.

## II. Discussion

Venue for actions brought under § 1983 is governed by 28 U.S.C. § 1391(b).[2] Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. In the instant action, all of the Defendants are located within the Eastern District of North Carolina. While the ultimate assault took place at a prison located within the Middle District of Pennsylvania, the allegations set forth against the Defendants are with respect to the conduct involved on their part in directing and authorizing the transfer - - conduct which took place at FCI-Butner, which is located within the Eastern District of North Carolina. Plaintiff is not raising claims with respect to the actual assault or any activity on the part of any individuals located within the Middle District of

---

[2] The principles that apply to § 1983 actions apply with full force in actions filed pursuant to 28 U.S.C. § 1331. See Young v. Keohane, 809 F.Supp. 1185 1200 (M.D. Pa. 1992).

Pennsylvania. Rather, he sets forth claims with respect to conduct on the parts of Defendants which took place in North Carolina. The relevant information with respect to the facts underlying Plaintiff's claim against Defendants is located within the Eastern District of North Carolina. As such, the proper venue for this action is the Eastern District of North Carolina. 28 U.S.C. § 1391(b).

When venue is improper, as in this case, a court may transfer the case to the district court "in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, this case will be transferred to the United States District Court for the Eastern District of North Carolina. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER COMISAC, | : | CIVIL NO. 1:CV-09-1613 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| K. M. WHITE, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 9th day of October, 2009, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of North Carolina.

2. The Clerk of Court is directed to **close this case**.

        S/ Yvette Kane
        YVETTE KANE, Chief Judge
        Middle District of Pennsylvania