IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3166-FL

| | | |
|---|---|---|
| CHRISTOPHER COMISAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| K.M. WHITE, TRACY JOHNSON, and | ) | |
| NICOLE WEAVER, | ) | |
| | ) | |
| Defendants. | ) | |

Christopher Comisac ("plaintiff") filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter comes before the court on the motion to dismiss, or in the alternative, for summary judgment (DE # 19) pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed March 10, 2010, by defendants K.M. White ("White"), Tracy Johns ("Johns"), and Nicole Weaver ("Weaver").[1] Also before the court is plaintiff's motion for leave to file an amended complaint (DE # 23). The issues raised are ripe for adjudication. For the following reasons, the court grants in part and denies in part defendants' motion for summary judgment, and denies plaintiff's motion to amend. Also as set forth below, the court adopts herein a certain case schedule.

---

[1] Because defendants attached matters that are outside of the pleadings, the court construes defendants' motion as a motion for summary judgment.

## STATEMENT OF THE CASE

In this action initiated in the United States District Court for the Middle District of Pennsylvania by complaint filed October 14, 2009, plaintiff alleges that defendants were deliberately indifferent to his risk of inmate on inmate violence in violation of the Eighth Amendment of the United States Constitution when they transferred him from the Federal Correctional Center in Butner, North Carolina ("Butner") to the United States Penitentiary Canaan in Waymart, Pennsylvania ("Canaan"). Ultimately, the case was transferred to this district and came before the court for frivolity review, which review it did survive.

Upon service being made, on March 10, 2010, White, Johns, and Weaver made their response in the form of the motion to dismiss or in the alternative, on which basis defendants now proceed. the instant motion for summary judgment, to which plaintiff has responded. Plaintiff also has filed a motion for leave to file an amended complaint, which, too, comes now before the court. No case scheduling order is in effect.

## STATEMENT OF THE FACTS

In this case, as explained in more detail below, plaintiff apparently has not engaged in meaningful discovery. In order to develop the context of the issues now before the court, a summary of the facts so far presented is herein recited, largely derived from defendants' representations, which have not yet been tested in through any process of discovery by plaintiff.

On July 26, 2005, in the United States District Court for the Northern District of Alabama, plaintiff was sentenced to a ninety-six (96) month term of imprisonment for the offense of bank robbery. (Def.s' Mem. Cox. Aff. ¶ 5.) On January 25, 2008, plaintiff was approved to be transferred to FCI Butner ("Butner") so that he could participate in the Bureau of Prisons' ("BOP") Habilitation

2

Program ("habilitation program"), which is a voluntary program for high security level inmates, like plaintiff, who have difficulty adjusting to a penitentiary environment or are at risk of victimization in such an environment. (Wydo Aff. ¶ 3) The habilitation program provides group and individual treatment to assist in the development of adaptive coping skills and to help participants make the transition to life in a medium security institution. (Id.) After successful completion of the habilitation program, inmates are re-designated to another medium security institution. (Id.)

Plaintiff began his participation in the habilitation program on February 29, 2008. (Id. at ¶ 4.) Plaintiff did not successfully complete the program, however, but rather was dismissed from the habilitation program on September 24, 2008, after he was found to have committed a disciplinary offense. (Id. Wydo Aff. ¶ 5) (quotation omitted). Weaver was plaintiff's case manager at Butner. (Compl. p. 1) Due to plaintiff's dismissal from the habilitation program and his classification as a high security level inmate, Weaver recommended pursuant to BOP policy that plaintiff be re-designated to another high security level institution. (Weaver Aff. ¶ 9)

According to the complaint, plaintiff informed Weaver that his safety would be put at risk if he was transferred to a penitentiary. Plaintiff's concerns for his safety arose out of a previous prison gang incident that occurred when plaintiff was an inmate at the United States Penitentiary in Victorville, California ("Victorville"). (Compl. p. 4) Plaintiff alleges that the Aryan Brotherhood prison gang ordered plaintiff to stab another inmate, and, rather than comply with the gang's order, plaintiff informed the prison officials and withdrew from the gang. (Id.) Plaintiff alleges that the Aryan Brotherhood prison gang thereafter ordered plaintiff's death in all United States penitentiaries across the county.

The Administrative Remedy Generalized Retrieval document submitted together with plaintiff's response to defendants' motion for summary judgment indeed reveals that plaintiff reported his fear of violence if transferred to a penitentiary. (Pl.'s Resp. in Opp'n, p. 15). The document reflects that plaintiff reported gang-related concerns frequently, beginning in October, 2007. (Id.) Specifically, however, after being discharged from the habilitation program but before being transferred back into a high security level institution, plaintiff twice alerted officials to his concerns. (Id.) On November 17, 2008, plaintiff filed a Request for Administrative Remedy with Johns, who was the Warden at Burner, informing that he felt he would be in danger if transferred to a penitentiary due to gang threats. (Cox Aff., Attach. 4). Evidently, plaintiff's request was denied, because on December 18, 2008, plaintiff filed an appeal with the Mid-Atlantic Regional Administrative Office. (Cox Aff., Attach. 5) At the time, White was the regional director. (Id.) Plaintiff's appeal also was denied. (Id.)

On January 13, 2009, plaintiff was ordered transferred to the Canaan penitentiary. (Pl.'s Resp. in Opp'n, p. 14) The transfer order form contemplated signature by Johns. (Id.) The form actually was signed, however, by former FCI Butner Associate Warden W. Houk.. (Weaver Aff. ¶ 11) Plaintiff asserts that, upon his arrival at Canaan, he was assaulted.

Plaintiff seeks two forms of relief. Plaintiff first requests that he be placed in the Pennsylvania State Department of Corrections to complete his sentence. Plaintiff also seeks money damages.

DISCUSSION

A.  Motion to Amend

4

Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P 15(a)(2). Plaintiff filed his motion to amend more than twenty-one days after defendants filed their motion to dismiss. Thus, plaintiff must have leave of court to file his amended complaint.

"In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, plaintiff seeks leave to amend his complaint to add the security staff at Canaan. Plaintiff identifies the proposed new parties as John Does and Jane Does. Plaintiff has not alleged facts sufficient to demonstrate that the unnamed parties may be discovered through discovery. In fact, plaintiff has not alleged any facts to support a claim against the John and Jane Doe defendants. As a result, the court finds that allowing plaintiff's motion to amend his complaint to add the John and Jane Doe defendants would be futile. See Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982) (dismissing unnamed defendant without prejudice where it does not appear that his identity could be discovered through discovery or through intervention by the court); Goodwin v. Beasley, No. 1:09CV151, 2010 WL 2539795 (M.D.N.C. June 18, 2010) (unpublished) (finding a John Doe's

5

involvement in the alleged wrongful conduct must be clear from the complaint) (citing Waller v. Butkovich, 584 F. Supp. 909, 920 n.1 (M.D.N.C. 1984)). Plaintiff's motion to amend is accordingly DENIED.

B.  Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

   2.  Analysis

It is helpful to clarify at the beginning of this analysis the scope of defendants' motion for summary judgment. First, defendants move for summary judgment as to plaintiff's request to be placed in the Pennsylvania State Department of Corrections to complete his sentence. Defendants assert that, as to that claim, plaintiff has failed to state a claim upon which relief may be granted and also that defendants are entitled to qualified immunity on that claim. Second, defendants White and Johns move for summary judgment on plaintiff's Eighth Amendment claim, arguing they cannot be

held liable on that claim based on a theory of supervisory liability. Defendants' motion does not seek summary judgment on the merits of plaintiffs' Eighth Amendment claim as against Weaver.

      a.      Plaintiff's request for specific placement

As part of the relief requested in the complaint, plaintiff seeks to be placed in the Pennsylvania State Department of Corrections to complete his sentence. Defendants advance argument in their motion for summary judgment that plaintiff has failed to state a claim upon which relief may be granted. Specifically, defendants argue that "plaintiff has failed to allege a valid constitutional deprivation, as a prisoner has no inherent constitutional right to be confined in a particular prison or to be held in a specific security classification."

Plaintiff's complaint and response make clear that the basis of plaintiff's argument is not that he suffered a constitutional deprivation in that defendants failed to place him in a specific prison or security classification, but that he suffered a constitutional deprivation in that defendants acted with deliberate indifference towards plaintiff's risk of assault. Insofar as plaintiff does seek a specific placement with the Pennsylvania State Department of Corrections for the remainder of his sentence, it is clear that defendants are entitled to summary judgment as to that specific relief sought.

As a matter of law, inmates do not have the constitutional right to be incarcerated in any particular prison, jail, or confinement facility of any particular security level. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994). Accordingly, defendants are entitled to judgment as a matter of law as to plaintiff's request for a specific placement for the remainder of his sentence. The court notes that defendants also argued for qualified immunity as to this claim only, but finds it unnecessary to reach that alternative argument.

7

Defendants' motion for summary judgment accordingly is GRANTED as to plaintiff's request to be placed with the Pennsylvania State Department of Corrections.

      b.     Supervisory liability on plaintiff's Eighth Amendment claim

White and Johns move for summary judgment on plaintiff's Eighth Amendment claim, arguing that plaintiff has not alleged that White and Johns violated plaintiff's constitutional rights through their own actions, and that they cannot be held liable on a theory of supervisory liability.

The court has observed that defendants' motion for summary judgment was filed in response to the complaint and prior to the conduct of any meaningful discovery. The case has not been separately referred by the clerk of court for consideration of any scheduling order. Plaintiff might not have been aware of his opportunity to conduct discovery, and might benefit from discovery in crafting a defense against defendants' motion for summary judgment, or in seeking leave to amend his complaint. Accordingly, defendants' motion for summary judgment as to plaintiff's Eighth Amendment claim is DENIED as untimely.

C.     Case Schedule

Where plaintiff's claims in part remain, the court now turns its attention to the matter of scheduling. Pursuant to Federal Rule of Civil Procedure 16(b), the court must enter a scheduling order after consulting with the parties. The parties are not required to conference with one another and produce a joint report. See Fed. R. Civ. P. 26(a)(1)(B), 26(f)(1). Unless a party objects, the court will set the following parameters for discovery in the above-captioned case:

      1.     All discovery shall be commenced or served in time to be completed by **August 28, 2011.**

8

Case 5:09-ct-03166-FL   Document 29   Filed 03/29/11   Page 8 of 10

2. All motions shall be filed in compliance with Local Civil Rule 7.1.[2]

3. All motions, including dispositive ones, shall be filed by **September 28, 2011.**

If either party objects to the above proposed discovery plan, it should file its objections with the court and include its alternative proposal(s) in its objection. **Parties have twenty-one (21) days from entry of this order to file any objection.** If the objection period expires and no party files an objection, the court will issue an order setting the schedule as noted above.

If either party believes issuance of a further scheduling order should be stayed pending resolution of other matters already before the court, the party should file the appropriate motion and supporting memorandum requesting the relief sought.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (DE #23) is DENIED. Defendants' motion for summary judgment (DE #19) is GRANTED as to plaintiff's request for specific placement in the Pennsylvania State Department of Corrections, but is DENIED as untimely as to plaintiff's Eighth Amendment claim, without prejudice to renewal of a motion for summary

---

[2]Local Civil Rule 7.1, provides in pertinent part the following: (1) "[a]ll motions shall be concise and shall state precisely the relief requested"; (2) "all motions made other than in a hearing or trial shall be filed with an accompanying supporting memorandum"; (3) "[a]ny party may file a written response to any motion"; (4) for non-discovery motions, "[r]esponses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question" unless the court directs otherwise; (5) for discovery motions, "responses and accompanying documents relating to discovery motions shall be filed within fourteen (14) days after service of the motion in question unless otherwise ordered by the court"; and (6) "[r]eplies to responses are discouraged. However . . . a party desiring to reply to matters initially raised in a response . . . shall file the reply within fourteen (14) days after service of the response, unless otherwise ordered by the court."

judgment in accordance with the case schedule herein adopted, which schedule also oversees the conduct of discovery.

SO ORDERED, this the 29th day of March, 2011.

                                              LOUISE W. FLANAGAN
                                              Chief United States District Judge