IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3166-FL

| | | |
|---|---|---|
| CHRISTOPHER COMISAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| K.M. WHITE; TRACY JOHNS[1]; and | ) | |
| NICOLE WEAVER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for reconsideration (DE # 30) pursuant to Federal Rule of Civil Procedure 54(b) filed by defendants Regional Director for the Bureau of Prisons Mid-Atlantic Regional Office K.M. White ("White"), Warden Tracy Johns ("Johns"), and Case Manager Nicole Weaver ("Weaver"). Also before the court are plaintiff's motion to show cause (DE # 32) and motion for arbitration (DE # 33). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies the pending motions.

## STATEMENT OF THE CASE

On October 14, 2009, plaintiff filed the instant action. Plaintiff alleges defendants were deliberately indifferent to his risk of assault in violation of the Eighth Amendment of the United States Constitution when they transferred him from the Federal Correctional Center in Butner, North Carolina ("Butner") to the United States Penitentiary Canaan in Waymart, Pennsylvania ("Canaan").

---

[1] Plaintiff refers to this defendant as Tracy Johnson. However, this defendant has informed the court that his correct name is Tracy Johns, and the court hereinafter will refer to him by this name.

In particular, plaintiff alleges defendants acted with deliberate indifference because they transferred him to a penitentiary, despite warnings from plaintiff that he would be in danger at a penitentiary due to gang threats. Plaintiff alleges he was assaulted subsequent to his transfer to Canaan Penitentiary.

On March 10, 2010, defendants filed a motion to dismiss, or in the alternative, for summary judgment arguing plaintiff failed to state a claim upon which relief may be granted. On March 29, 2011, the court granted plaintiff's motion for summary judgment as to plaintiff's request for specific placement in the Pennsylvania State Department of Corrections, but denied it as untimely as to plaintiff's Eighth Amendment claim, without prejudice to renewal of a motion for summary judgment. Defendants then filed a motion for reconsideration of the court's March 29, 2011, order denying summary judgment as to their Eighth Amendment claim, to which plaintiff did not respond. Plaintiff subsequently filed a motion to show cause and a motion for arbitration.

## DISCUSSION

A.  Motion for Reconsideration

1.  Standard of Review

Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment

2

when such is warranted." Am. Canoe Ass'n, 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motions is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

Here, the court's denial of defendants' motion as to plaintiff's Eighth Amendment claim that defendants acted with deliberate indifference to his risk of inmate on inmate violence was based upon the fact that it was filed in response to plaintiff's complaint, before plaintiff had the opportunity to conduct discovery. Accordingly, the court determined defendants' motion as to this claim was premature and that plaintiff may benefit from discovery in crafting a defense. Defendants have not demonstrated that this analysis was erroneous. Rather, defendants' motion essentially re-asserts the arguments presented in their previous motion, which is not sufficient to grant relief. See Stoyanov v. Winter, No. WDZ-07-1764, 2010 WL 761212, *2 (D. Md. Mar. 1, 2010) (citing Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993)). Moreover, to the extent defendants contend discovery is not warranted due to their defense of qualified immunity, the court finds discovery is appropriate where plaintiff asserts a constitutional violation and where discovery would reveal evidence confirming or dispelling plaintiff's allegations concerning his alleged constitutional violation. See

3

McMillian v. Wake County Sheriff's Dept., 399 F. App'x 824, 828-829 (4th Cir. Oct. 28, 2010). For the foregoing reasons, defendants' motion for reconsideration is DENIED.

B.  Motion to Show Cause

Plaintiff seeks an order from the court requiring defendants to show cause as to why the court should not execute an order compelling defendants to provide plaintiff with his requested relief. Plaintiff states that he is entitled to such relief because the court denied defendants' motion for summary judgment as to his Eighth Amendment claim on March 29, 2011. However, the court's March 29, 2011, order did not grant judgment in favor of plaintiff. Rather, it denied defendants' motion to dismiss, or in the alternative, for summary judgment as to plaintiff's Eighth Amendment claim in order to allow the parties to conduct discovery. The court's order also set forth certain case management deadlines to which the parties did not object. Because the issues in this action have not reached a final determination, plaintiff's motion to show cause is DENIED.

C.  Motion for Arbitration

Plaintiff requests that the court order the parties to engage in arbitration. Pursuant to Local Civil Rule 101.1a(c), EDNC, the "court may order a mediated settlement conference in any action not automatically selected [for mediation]." Because this action was not automatically selected for mediation, the court has discretion to order a medicated settlement conference. See Local Civil Rule 101.1a(b) and (c). However, the court does not find that a settlement conference is appropriate at this point in the proceedings, and plaintiff's motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration (DE # 30), plaintiff's motion to show cause (DE # 32), and plaintiff's motion for arbitration (DE # 33) are DENIED. The

4

court now revisits the deadlines set forth in its March 29, 2011, initial order, which deadlines have expired. **Accordingly, the court sets a discovery deadline of February 20, 2012, and a dispositive motions deadline of March 20, 2012. The parties have twenty-one (21) days from entry of this order to file any objection.** If the objection period expires and no objection is filed, the case schedule will be modified to reflect the deadlines noted herein. Any request for extension or modification to said deadlines must be made through formal motion with supporting memorandum requesting such relief.

SO ORDERED, this the 29th day of November, 2011.

LOUISE W. FLANAGAN
United States District Judge

5

Case 5:09-ct-03166-FL Document 35 Filed 11/29/11 Page 5 of 5